IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| KIMBERLY BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-1076 |
| | ) | |
| AMEREN ILLINOIS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Kimberly Ballard filed a voluntary motion to dismiss under Rule 41(a)(2) of the Federal Rules of Civil Procedure, requesting that the Court dismiss her case without prejudice. Defendant filed a response, objecting that the case should be dismissed with prejudice. Defendant argues that Plaintiff failed to provide key discovery information that would have conclusively determined whether her case was timely filed. Defendant argues that due to Plaintiff's failure to respond to discovery and her failure prosecute her case, the case should be dismissed with prejudice. Plaintiff counters that Defendant agreed to certain extensions and that Defendant should have already had the requested discovery in its possession. Defendant did not attempt to respond to these assertions.

The Seventh Circuit has stated this issue is within the discretion of the district court and that a "district court abuses its discretion only if the defendant shows that she will suffer 'plain legal prejudice.'" *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008). Some relevant factors in determining whether a defendant will suffer plain legal precedent are "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a

motion for summary judgment has been filed by the defendant." *Id*. citing *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969). In accordance with the factors the Seventh Circuit has outlined, the Court finds that there has been little effort and expense of preparing for trial, this case is still in its early stages, that there have not been excessive delays, and there has not been a motion for summary judgment filed. Thus, Defendant has not shown that it would suffer "plain legal prejudice" if the Court grants the dismissal without prejudice. Accordingly, Plaintiff's Motion to Dismiss Without Prejudice [28] is GRANTED and the Clerk is DIRECTED to close this case.

ENTERED this 15th day of May, 2023.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge